UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No. <u>00-6211-CR_HURLEY(s)(s)</u>
  21 U.S.C. § 846
  21 U.S.C. § 841(a)(1)
  21 U.S.C. § 841(c)(2)

UNITED STATES OF AMERICA

v.

GHANDI JABER,
MOTLAQ JABER,
and
RABAH EL HADDAD,

Defendants.
_____/



### SECOND SUPERSEDING INDICTMENT

The Grand Jury charges that:

### COUNT 1

From in or about September 1999, the exact date being unknown to the Grand Jury, to on or about July 29, 2000, in Broward County, in the Southern District of Florida, and elsewhere, the defendants,

**GHANDI JABER,
MOTLAQ JABER,
and
RABAH EL HADDAD,**

did knowingly and intentionally combine, conspire, confederate, and agree with each other and with persons known and unknown to the Grand Jury, to possess and distribute pseudoephedrine, a list I chemical as defined in Title 21, United States Code, Section 802, knowing, and having reasonable cause to believe, that the listed



chemical would be used to manufacture a controlled substance, in violation of Title 21, United States Code, Section 841(c)(2); all in violation of Title 21, United States Code, Section 846.

Pursuant to Title 21, United States Code, Section 841(b)(1)(A), it is further alleged that the controlled substance, in fact, consisted of 50 grams or more of a mixture and substance containing a detectable about of methamphetamine.

### COUNT 2

From in or about September 1999, the exact date being unknown to the Grand Jury, to on or about July 29, 2000, in Broward County, in the Southern District of Florida, and elsewhere, the defendants,

**GHANDI JABER**
and
**RABAH EL HADDAD,**

did knowingly and intentionally combine, conspire, confederate, and agree with each other and with persons known and unknown to the Grand Jury, to manufacture a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1); all in violation of Title 21, United States Code, Section 846.

Pursuant to Title 21, United States Code, Section 841(b)(1)(A), it is further alleged that the controlled substance, in fact, consisted of 50 grams or more of a mixture and substance containing a detectable about of methamphetamine.

## COUNT 3

From on or about March 22, 2000, until on or about April 5, 2000, in Broward County, in the Southern District of Florida, and elsewhere, the defendants,

**GHANDI JABER**
and
**MOTLAQ JABER,**

did knowingly and intentionally possess and distribute pseudoephedrine, a list I chemical as defined in Title 21, United States Code, Section 802, knowing, and having reasonable cause to believe, that the listed chemical would be used to manufacture a controlled substance, in violation of Title 21, United States Code, Section 841(c)(2), and Title 18, United States Code, Section 2.

Pursuant to Title 21, United States Code, Section 841(b), it is further alleged that the controlled substance, in fact, consisted of a mixture and substance containing a detectable about of methamphetamine.

## COUNT 4

From on or about April 4, 2000, until on or about April 10, 2000 in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**GHANDI JABER,**

did knowingly and intentionally possess and distribute pseudoephedrine, a list I chemical as defined in Title 21, United

States Code, Section 802, knowing, and having reasonable cause to believe, that the listed chemical would be used to manufacture a controlled substance, in violation of Title 21, United States Code, Section 841(c)(2), and Title 18, United States Code, Section 2.

Pursuant to Title 21, United States Code, Section 841(b), it is further alleged that the controlled substance, in fact, consisted of a mixture and substance containing a detectable about of methamphetamine.

### COUNT 5

From on or about April 25, 2000, until on or about April 27, 2000, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**GHANDI JABER,**

did knowingly and intentionally possess and distribute pseudoephedrine, a list I chemical as defined in Title 21, United States Code, Section 802, knowing, and having reasonable cause to believe, that the listed chemical would be used to manufacture a controlled substance, in violation of Title 21, United States Code, Section 841(c)(2), and Title 18, United States Code, Section 2.

Pursuant to Title 21, United States Code, Section 841(b), it is further alleged that the controlled substance, in fact, consisted of a mixture and substance containing a detectable about of methamphetamine.

## COUNT 6

From on or about June 1, 2000, until on or about June 5, 2000 in Broward County, in the Southern District of Florida, and elsewhere, the defendants,

**GHANDI JABER,
MOTLAQ JABER,
and
RABAH EL HADDAD,**

did knowingly and intentionally possess and distribute pseudoephedrine, a list I chemical as defined in Title 21, United States Code, Section 802, knowing, and having reasonable cause to believe, that the listed chemical would be used to manufacture a controlled substance, in violation of Title 21, United States Code, Section 841(c)(2), and Title 18, United States Code, Section 2.

Pursuant to Title 21, United States Code, Section 841(b), it is further alleged that the controlled substance, in fact, consisted of a mixture and substance containing a detectable about of methamphetamine.

## COUNT 7

On or about June 15, 2000, in Broward County, in the Southern District of Florida, and elsewhere, the defendants,

**RABAH EL HADDAD,**

did knowingly and intentionally possess and distribute pseudoephedrine, a list I chemical as defined in Title 21, United States Code, Section 802, knowing, and having reasonable cause to

believe, that the listed chemical would be used to manufacture a controlled substance, in violation of Title 21, United States Code, Section 841(c)(2), and Title 18, United States Code, Section 2.

Pursuant to Title 21, United States Code, Section 841(b), it is further alleged that the controlled substance, in fact, consisted of a mixture and substance containing a detectable about of methamphetamine.

## COUNT 8

From on or about July 21, 2000, until on or about July 29, 2000, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**RABAH EL HADDAD,**

did knowingly and intentionally possess and distribute pseudoephedrine, a list I chemical as defined in Title 21, United States Code, Section 802, knowing, and having reasonable cause to believe, that the listed chemical would be used to manufacture a controlled substance, in violation of Title 21, United States Code, Section 841(c)(2), and Title 18, United States Code, Section 2.

Pursuant to Title 21, United States Code, Section 841(b), it is further alleged that the controlled substance, in fact, consisted of a mixture and substance containing a detectable about of methamphetamine.

A TRUE BILL

*Ronald Carey*
FOREPERSON

/s/ MARCOS D. JIMENEZ
UNITED STATES ATTORNEY

LAURENCE M. BARDFELD
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: GHANDI JABER

Case No: 00-6211-CR-HURLEY(s)(s)

Count #: 1

Conspiracy to Possess a List 1 Chemical (Pseudoephedrine)

in violation of 21 U.S.C. § 841(c)(2) & 846

* **Max.Penalty**: Twenty (20) years' imprisonment; Three (3) years' supervised release; $250,000 fine

Count #: 2

Conspiracy to Manufacture Methamphetamine

in violation of 21 U.S.C. § 841(a)(1) & 846

* **Max.Penalty**: Ten (10) years' mandatory minimum to Life imprisonment; 5 years' supervised release; $4,000,000 fine

Counts #: 3-6

Possession of a List 1 Chemical (Pseudoephedrine)

in violation of 21 U.S.C. § 841(c)(2)

***Max. Penalty**: Twenty (20) years' imprisonment; Three (3) years' supervised release; $250,000 fine

Count #:

***Max. Penalty**:

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: MOTLAQ JABER

Case No: 00-6211-CR-HURLEY(s)(s)(s)

Count #: 1

Conspiracy to Possess a List 1 Chemical (Pseudoephedrine)

in violation of 21 U.S.C. § 841(c)(2) & 846

* **Max. Penalty**: Twenty (20) years' imprisonment, Three (3) years' supervised release; $250,000 fine

Counts #: 3-6

Possession of a List 1 Chemical (Pseudoephedrine)

in violation of 21 U.S.C. § 841(c)(2)

***Max. Penalty:** Twenty (20) years' imprisonment, Three (3) years' supervised release; $250,000 fine

Count #:

***Max. Penalty:**

Count #:

***Max. Penalty:**

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: RABAH EL HADDAD

Case No: 00-6211-CR-HURLEY(s)(s)

Count #: 1

Conspiracy to Possess a List 1 Chemical (Pseudoephedrine)

in violation of 21 U.S.C. § 841(c)(2) & 846

* **Max.Penalty**: Twenty (20) years' imprisonment; Three (3) years' supervised release; $250,000 fine

Count #: 2

Conspiracy to Manufacture Methamphetamine

in violation of 21 U.S.C. § 841(a)(1) & 846

* **Max.Penalty**: Ten (10) years' mandatory minimum to Life imprisonment; 5 years' supervised release; $4,000,000 fine

Counts #: 3-6

Possession of a List 1 Chemical (Pseudoephedrine)

in violation of 21 U.S.C. § 841(c)(2)

***Max. Penalty:** Twenty (20) years' imprisonment; Three (3) years' supervised release; $250,000 fine

Count #:

***Max. Penalty:**

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA             CASE NO.    00-6211-CR-HURLEY(s)(s)

vs.

GHANDI JABER,                        **CERTIFICATE OF TRIAL ATTORNEY***
MOTLAQ JABER,
RABAH EL HADDAD,
            Defendants.
_____/     Superseding Case Information:

**Court Division**: (Select One)         New Defendant(s)     Yes ____   No  X

                                      Number of New Defendants ____
____  Miami      ____  Key West      Total number of counts   ____
 X    FTL        ____  WPB       ____ FTP

I do hereby certify that:

1.  I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.  I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.  Interpreter:       (Yes or No)         NO
    List language and/or dialect           English

4.  This case will take            20      days to try

5.  Please check appropriate category and type of offense listed below:
    (Check only one)                                (Check only one)

    I    0 to 5 days         ____        Petty     ____
    II   6 to 10 days        ____        Minor     ____
    III  11 to 20 days        X          Misdem.   ____
    IV   21 to 60 days       ____        Felony     X
    V    61 days and over

6.  Has this case been previously filed in this District Court? (Yes or No)    YES
    If yes:
    Judge: Daniel T K Hurley_____  Case No. _____00-6211-CR-Hurley_____
    (Attach copy of dispositive order)
    Has a complaint been filed in this matter?    (Yes or No)  NO
    If yes:
    Magistrate Case No. _____
    Related Miscellaneous numbers: _____
    Defendant(s) in federal custody as of ____
    Defendant(s) in state custody as of _____
    Rule 20 from the _____ District of _____

    Is this a potential death penalty case? (Yes or No) NO

7.  Does this case originate from a matter pending in the U.S. Attorney's Office prior to
    April 1, 2003?       X   Yes   ____ No

8.  Does this case originate from a matter pending in the U. S. Attorney's Office prior to
    April 1, 1999?       ____ Yes    X  No
    If yes, was it pending in the Central Region?   Yes ____   No ____

9.  Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?        Yes  X  No ____

10. Does this case originate from a matter pending in the Narcotics Section (Miami) prior to
    May 18, 2003?           X   Yes   ____ No

                                   _____
                                   LAURENCE M. BARDFELD
                                   ASSISTANT UNITED STATES ATTORNEY
                                   Florida Bar No. 712450

No. 06050

# UNITED STATES DISTRICT COURT

Southern _____ District of _____ Florida _____

Central Criminal Division

## THE UNITED STATES OF AMERICA

vs.

GHANDI JABER
MOTLAQ JABER
RABAH EL HADDAD

## INDICTMENT

21 U.S.C. § 841 (a)(1)
21 U.S.C. § 841 (c)(2)
21 U.S.C. § 846

A true bill.

_____
Foreperson

Filed in open court this _____ day,

of _____, A.D. 20 _____

_____
Clerk

Bail. $ _____

_____